**UNITED STATES v. CANCELLIERI.**

Cr. No. 40947.

District Court, E. D. New York.
May 24, 1946.

**814**

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Hyman H. Goldstein, Asst. U. S. Atty., of Brooklyn, N. Y., for plaintiff.

Bernard J. Ferguson, of Woodside, N. Y., for defendant.

MOSCOWITZ, District Judge.

The jury found the defendant guilty under Title 18, United States Code Annotated, Section 335, pertaining to nonmailable matter, in that he did knowingly deposit for mailing an envelope on which was written after the name of the addressee the word "traitor", which is of a scurrilous, libelous and defamatory character, intending to reflect injuriously upon the character or conduct of the addressee of the letter.

After the rendition of the verdict the Assistant United States Attorney asked the Court to commit the defendant pending sentence to the Kings County Hospital for observation as to his mental condition. This application was opposed by the defendant's attorney.

■ The Court is thus called upon to determine whether the mental condition of the defendant is such as to require a further examination in the Kings County Hospital of the defendant. An order of such commitment should not lightly be made. Before making such commitment there should be at least prima facie proof warranting such commitment. The Kings County Hospital, the Court is advised, will not make a mental examination without a commitment. No mental expert (physician) has been produced by the government or the defendant.

■ Rule 28 of the Federal Rules of Criminal Procedure is as follows: "The court may order the defendant or the government or both to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint witnesses of its own selection. An

expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of his findings, if any, and may thereafter be called to testify by the court or by any party. He shall be subject to cross-examination by each party. The court may determine the reasonable compensation of such a witness and direct its payment out of such funds as may be provided by law. The parties also may call expert witnesses of their own selection."

While ordinarily an expert witness is appointed to testify at the trial of the action, nevertheless where the Court, as here, is required to determine the mental condition of a defendant, it may appoint an expert witness pursuant to Rule 28 of the Federal Rules of Criminal Procedure. There is nothing in Rule 28 in conflict with that view and nothing to indicate that such expert witness' testimony was intended to be confined to the trial of the action.

■ These rules should be construed with the greatest liberality. Such construction should not be based upon hairsplitting technicalities. If these rules are construed in the spirit in which they were prepared, they will do much to aid in the proper administration of justice.

■ While the jury has rendered its verdict, the case is by no means concluded. Rule 28 should be construed as permitting the Court to appoint an expert witness after a jury's verdict to determine the mental condition of the defendant.

■ Defendant's attorney expressly waived the service of any motion papers for the appointment of an expert witness and defendant refused to submit a nomination of an expert witness as is permitted by Rule 28. The Court may thus appoint an expert witness of its own selection. A time will be set, pursuant to Rule 28, of which the defendant's attorney shall have due notice when the expert witness will be informed of his duties by the Court and at that time the United States Attorney,

the defendant and his attorney will have an opportunity to participate. The expert witness when appointed shall advise the parties of his findings and will thereafter be called to testify by the Court. He may, as is contemplated in Rule 28, be cross-examined by each party and the Court will then determine the reasonable compensation of such witness and direct his payment out of such funds as may be provided by law. The parties may also call expert witnesses of their own selection, if they be so advised.

In the meantime the defendant's bail is continued.

Settle order on notice.